UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                          CASE NO.

JAMES B. BARNES                                 04-05352-8-ATS
TAMMY S. BARNES

     DEBTORS

ORDER REGARDING MOTION TO ABANDON AND MOTION TO MODIFY PLAN

The matter before the court is the debtors' motion to abandon their vehicle and to modify their chapter 13 plan. A hearing took place in Raleigh, North Carolina on April 19, 2005, and the parties were given an opportunity to submit additional affidavits.

James B. Barnes and Tammy S. Barnes filed a petition for relief under chapter 13 of the Bankruptcy Code on July 8, 2004, and their plan was confirmed on December 20, 2004. Ms. Barnes drives a 2002 Kia Rio, which is subject to a security interest held by HSBC Auto Finance, formerly known as Household Automotive Finance Corporation. The debtors' plan provided for Household's claim to be paid out of the payments made by the debtors to the chapter 13 trustee. Their motion indicates that the car is no longer operable and that the debtors cannot afford to repair it. They wish to surrender the vehicle to Household and have any deficiency claim treated as unsecured in the plan.

Ms. Barnes testified that she maintained the Kia Rio with regular oil changes performed by Ed's Tire in Laurinburg, North Carolina. She began having repair problems, and it finally stopped running, and Ms. Barnes had the vehicle towed. Ms. Barnes testified that the tow truck driver and the mechanic checked the engine and found there was oil in it. Pinehurst Toyota, the dealership from which Ms. Barnes bought the vehicle, picked up the car and refused to repair it. According to Ms. Barnes, Pinehurst Toyota maintains that Ms. Barnes drove the car without oil, which nullified her warranty.[1] Because the car is inoperable and she cannot afford to pay for the repairs, Ms. Barnes wishes to abandon the vehicle to Household.

At the conclusion of the hearing, Household was to obtain an affidavit from Pinehurst Toyota to substantiate its contention that Ms. Barnes failed to properly maintain the vehicle. Ms. Barnes was to obtain an affidavit from Ed's Tire to corroborate her testimony that she regularly had the oil changed and performed other routine maintenance. Ms. Barnes filed the affidavit of Alan Smith, the manager of Ed's Tire, which indicated that Ed's Tire regularly serviced the vehicle and performed oil changes and maintenance approximately every 3,000 miles during 2002 through 2004. Household did not submit an affidavit from Pinehurst Toyota.

---

[1] The vehicle has not exceeded the mileage limits of the warranty and the warranty period has not expired.

Before a plan modification may be allowed, the Fourth Circuit requires debtors to make a threshold showing of a change in circumstances. See Arnold v. Weast (In re Arnold), 869 F.2d 240 (4th Cir. 1989). The Barneses have made this showing. Their vehicle will no longer operate, and they cannot afford to make the repairs. The court finds that this is a sufficient change in circumstances to consider modification of the plan.

This court has previously ruled that the surrender of collateral and reclassification of a deficiency as an unsecured claim is permissible if "the modification has been proposed in good faith and, in particular, . . . there has been no abusive depreciation of the secured creditor's collateral." In re Farmer, Case No. 01-00026-5-ATS (Bankr. E.D.N.C. March 20, 2002) (quoting In re Conley, 2000 WL 1805324 at *4 (Bankr. E.D. Va. 2000)). The court finds that the Barneses have proposed their modification in good faith. The evidence showed that Ms. Barnes performed routine maintenance on the car, and there is no actual evidence before the court that any action or inaction on the part of the debtors caused the current condition of the vehicle.

Based on the foregoing, the motion to abandon the 2002 Kia Rio and the motion to modify the chapter 13 plan are **ALLOWED**. The

3

debtors may reduce their plan payments as proposed and reclassify Household's deficiency claim as unsecured.

**SO ORDERED.**

**DATED:  June 23, 2005**

A. Thomas Small
United States Bankruptcy Judge

4